UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL WHITE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| EXEL, INC. (D/B/A DHL SUPPLY | § | |
| CHAIN) AND DEDICATED FREIGHT | § | |
| HANDLERS, INC. | § | |
| | § | |
| *Defendants.* | § | |

**THIRD-PARTY DEFENDANT TRIUNE LOGISTICS, LLC
D/B/A TRIUNE STAFFING'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Third-Party Defendant Triune Logistics, LLC doing business as Triune Staffing ("Triune")

files this Notice of Removal of this civil action filed against Triune currently pending in the 298th

District Court, Dallas County, Texas, Cause Number DC-24-01647, to the United States District

Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. §§ 1332, 1441 and

1446. The grounds for removal are particularly stated as follows:

**I.    PROCEDURAL HISTORY**

1.    **Original Petition.**  On January 31, 2024, Plaintiff Michael White filed Plaintiff's

Original Petition in Dallas County, Texas against Exel, Inc. d/b/a DHL Supply Chain for injuries

allegedly sustained in a forklift accident in October 2022.  The case was captioned *Michael White*

*v. Exel, Inc. d/b/a DHL Supply Chain,* Cause Number DC-24-01647, and was filed in the 298th

District Court, Dallas County, Texas (the "State Court Action."). *See* Exhibit A, Plaintiffs'

Original Petition.

2.        **First Amended Petition**.  On August 24, 2024, Plaintiff filed Plaintiff's First Amended Petition adding as a defendant Dedicated Freight Handlers, Inc.  *See* Exhibit B, Plaintiff's First Amended Petition.

3.        **Third-Party Petition, Service, Answer**.  On August 25, 2025, Dedicated Freight Handlers, Inc. filed its Third-Party Cross-Claim and Petition for Indemnification and/or Contribution adding Triune Logistics, LLC d/b/a Triune Staffing as a Third-Party Defendant.  *See* Exhibit C, Dedicated Freight Handlers, Inc.'s Third-Party Cross-Claim and Petition for Indemnification and/or Contribution.  Third-Party Defendant Triune was served with citation on September 5, 2025 and filed its answer on September 26, 2025.  *See* Exhibit D, Officer's Return of Service of Citation, and Exhibit E, Third-Party Defendant Triune Logistics, LLC d/b/a Triune Staffing's Original Answer to Third-Party Cross-Claim and Petition for Indemnification and/or Contribution.

4.        **Amount in Controversy**.  In Plaintiff's Original Petition (Paragraph 5) and Plaintiff's First Amended Petition (Paragraph 6), Plaintiff seeks monetary relief of more than $1,000,000.  In Dedicated Freight Handlers, Inc.'s third-Party Cross-Claim and Petition for Indemnification and/or Contribution, Dedicated Freight Handlers seeks, among other things, indemnification by Triune for the claims made against Dedicated Freight Handlers.

5.        **Diversity of Citizenship**.  Plaintiffs alleges that he is a resident of Dallas County, Texas.  Defendant Exel, Inc. is a Massachusetts corporation with its principal place of business in Ohio.  Defendant Dedicated Freight Handlers, Inc. is a Florida corporation with its principal place of business in Florida.  Third-Party Defendant Triune is an Illinois limited liability company with its principal place of business in Illinois.

## II.    DIVERSITY JURISDICTION

6.    **Diversity Jurisdiction.**  Original jurisdiction exists under 28 U.S.C. §1332 when a matter in controversy exceeds $75,000 and is between citizens of different states. *See* 28 U.S.C. §1332(a). If there is original jurisdiction over a civil action brought in state court, the action may be removed under 28 U.S.C. § 1441 if the defendants properly joined and served are not citizens of the State in which the action was brought. *See* 28 U.S.C. §1441(b).  A corporation is deemed to be a citizen of the state in which it is incorporated and the state in which it has its principal place of business.  *See* 28 U.S.C. §1332(c)(1).

### III.    TIMELINESS

7.    **30-Day Requirement.**  Pursuant to 28 U.S.C. §1446 (b)(1), the notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based.  The Third-Party Cross-Claim and Petition for Indemnification and/or Contribution was served on Triune on September 5, 2025 and constitutes the first receipt by Triune of any pleading setting forth claims for relief against Triune.  This Notice of Removal is being filed within 30 days of the receipt by Triune of the initial pleading setting forth a claim against Triune for relief.

8.    **One-Year Limitation.**  This notice of removal is not barred by the one-year time limit set forth in 28 U.S.C. §1446 (c)(1).  The one-year time limit applies to removal under subsection (b)(3), cases in which the initial pleading is not removable.  That does not apply here, as the case was removable when Plaintiff's Original Petition was served and when Plaintiff's First Amended Petition was served.  The Fifth Circuit has addressed the issue of whether the one-year limitation for removal of diversity cases applies only to those state court cases that are not initially removable, or to all diversity cases that a defendant seeks to remove.  *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 885 (5th Cir. 1998); see also *Eclipse Aesthetics LLC v. Regenlab USA,*

*LLC,* 2016 U.S.Dist. LEXIS 123581, 2016 wl 4800342 (N.D. Tex Sept. 12, 2016)("it is clear that the one-year has no application to cases that were initially removable").  The court held that the one-year limitation on diversity removals in Section 1446 applies only to cases that are not initially removable.  *Id.*  Because this case was initially removable, the one-year limitation does not apply. *Id.*

## IV. VENUE

9.      **Proper Federal District/Division**.  The venue for this removal is proper pursuant to 28 U.S.C. § 1441(a) and (c), inasmuch as the United States District for the Northern District of Texas, Dallas Division, embraces the 298th District Court, Dallas County, Texas, which is where the state court action is pending.

## V.  REQUIRED ATTACHMENTS

10.      **State Court Documents**.  All executed process, pleadings asserting causes of action and answers to such pleadings, orders signed by the state judge, and the docket sheet are attached to this notice, in accordance with Local Rule 81.1.  *See* Index of Documents Filed with Notice of Removal.

11.      **Jury Demand.**  A jury demand was made by Plaintiff in State court.

12.      **Certificate of Interested Persons.** A certificate of interested persons is attached to this notice as required by Local Rule 81.2 and contains, in addition to the information required by Fed. R. Civ. P. 7.1(a), a complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of the case.

13. **Notice to State Court and Parties.** Concurrent with the filing of this Notice of Removal, Defendant will give written notice to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the State Court required by 28 U.S.C. § 1446(d).

## VI.    CONSENT

14. **All Defendants Consent to Removal.** All defendants consent to the removal of this case to federal court. 28 U.S.C. § 1446(b)(2)(A); *Cook v. Randolph Cnty.*, 573 F.3d 1143, 1150–51 (11th Cir. 2009); *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201–02 (6th Cir. 2004).  The consent to removal by Defendant Exel, Inc. is attached as Exhibit F to this Notice.  The consent to removal by Defendant Dedicated Freight Handlers, Inc. is attached as Exhibit G to this Notice.

## VII.
## CONCLUSION

15. Third-Party Defendant Triune Logistics, LLC doing business as Triune Staffing therefore respectfully requests that the State Court Action, which is now pending in 298th District Court, Dallas County, Texas, Cause Number DC-24-01647, as of date of this filing, be removed to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court take and exercise jurisdiction over this action to its conclusion and to the exclusion of further proceedings in the State Court from which this action was removed, in accordance with the law.

Respectfully submitted,

_____

**Samuel J. Polak**
**Attorney in Charge**
State Bar No. 00788210
spolak@polaklawgroup.com
Direct Dial and Fax: (214) 833-1781

**Heather J. Forgey**
State Bar No. 24048628
hforgey@polaklawgroup.com
Direct Dial and Fax: (214) 833-1328

**POLAK LAW GROUP**
600 N. Pearl Street, Suite 1900
Dallas, Texas 75201

*Attorneys for Defendant*
*Triune Logistics, LLC*
*d/b/a Triune Staffing*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on the **3rd day of October, 2025**, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court for the Northern District of Texas, Dallas Division, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record:

Mr. Scott P. Armstrong                              sarmstrong@armstronglee.com
Ms. Laura M. Gomez Duarte                    lgomezduarte@armstronglee.com
Armstrong Lee & Baker, LLP
2800 North Loop West, Suite 900
Houston, Texas 77092
***Attorneys for Plaintiff***

Mr. Ryan Cantu                                            ryan@doyleseelbach.com
Ms. Laura A. Smith                                      laura@doyleseelbach.com
Doyle & Seelbach, PLLC
13215 Bee Cave Parkway, Suite A220
Austin, Texas 78738
***Attorneys for Defendant Exel, Inc.***

Mr. J.D. Foster                                             jd@fostermassengill.com
Foster Massengill, PLLC
101 South Dallas Street, Suite 200
Ennis, Texas 75119
***Attorney for Defendant***
***Dedicated Freight Handlers, Inc.***

_____

**Samuel J. Polak**

# EXHIBIT "A"

FILED
1/31/2024 9:28 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Christi Underwood DEPUTY

Case 3:25-cv-02704-S    Document 1    Filed 10/03/25    Page 9 of 77    PageID 9

DC-24-01647

CAUSE NO. _____

| | | |
|---|---|---|
| MICHAEL WHITE | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| EXEL, INC. D/B/A DHL SUPPLY | §  298th | |
| CHAIN | § | _____ JUDICIAL DISTRICT |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Michael White ("***Plaintiff***") files this Original Petition against Defendant Exel, Inc. d/b/a DHL Supply Chain ("***Defendant***").

### DISCOVERY LEVEL

1.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Discovery Control Plan Level 2.

### PARTIES

2.     Plaintiff is an individual residing in Dallas County, Texas. Plaintiff may be served through the undersigned counsel.

3.     Defendant Exel, Inc. d/b/a DHL Supply Chain is a for-profit corporation that does business in the State of Texas, including Dallas County. Defendant may be served through its registered agent for service of process, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas, 75201. Plaintiff requests issuance of citation to Defendant.

### MISNOMER/ALTER EGO

4.     In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named

herein.  Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## JURISDICTION & VENUE

5.      Jurisdiction is proper in this Court because the amount-in-controversy is within the jurisdictional limits of this Court.  Plaintiff seeks monetary relief of more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

6.      Defendant Exel, Inc. d/b/a DHL Supply Chain conducts substantial business in this State, which comprise the contacts out of which this case arises.  Indeed, Defendant owned and operated the Lancaster facility in Dallas County where Plaintiff worked and was injured. Therefore, Defendant has purposefully availed itself of the protections, privileges, and obligations of Texas law, and its minimum contacts with Texas satisfy due process requirements such that traditional notions of fair play and substantial justice would not be offended by this Court's exercise of personal jurisdiction over Defendant.

7.      Venue is proper in this Court because all or a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this county.

## FACTS

8.      In October 2022, Plaintiff was working in the course and scope of his employment for Defendant at its 2200 Danieldale Road, Lancaster, Texas 75134 location (the "***Premises***") when he was struck by a forklift, operated by a co-worker at the Premises, severely injuring Plaintiff.

9.      Defendant did not provide Plaintiff with a safe workplace and the necessary instrumentalities, training, and assistance to perform the job safely.  Rather than provide safety

training, Defendant disregarded the safety of its employees by allowing under- or untrained personnel to operate forklifts on the Premises.  Had Defendant provided Plaintiff and its other employees with appropriate instrumentalities and a safe workplace, Plaintiff would not have suffered the injuries that he sustained.

10.    As a result, Plaintiff suffered serious bodily injuries and serious loss for which he seeks redress.

**CAUSES OF ACTION**

**A.**    **Negligence**

11.    Plaintiff incorporates all prior paragraphs of this Petition here.

12.    Because Plaintiff was Defendant's employee, Defendant had a duty provide the proper and necessary instrumentalities, training, and assistance for Plaintiff to perform his work safely.

13.    At the time and occasion in question, Defendant failed to use ordinary care by various acts and/or omissions including, but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

    a.    Failing to provide proper safety equipment for Plaintiff and/or his co-workers to perform their job duties activities safely;

    b.    Failing to provide proper safety equipment for Plaintiff and/or his co-workers to operate forklifts safely;

    c.    Failing to provide adequate training to Plaintiff and/or his co-workers perform to their job duties activities safely;

    d.    Failing to provide adequate training to Plaintiff and/or his co-workers perform to operate forklifts safely;

    e.    Failing to supervise Plaintiff and his coworkers;

    f.    Failing to develop and implement a proper safe work protocol for ensuring Plaintiff's work area was safe;

g.    Failing to develop and implement proper safety protocols for employees operating forklifts;

h.    Failing to enforce any existent precautionary measures and safety protocols regarding forklifts;

i.    Disregarding the safety of Plaintiff; and

j.    Other acts deemed negligent.

14.    Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this suit and Plaintiff's injuries.

15.    Defendant failed to provide sufficient training, assistance and equipment for its employees, including Plaintiff, to safely operate a forklift, which is necessary to perform their work safely. The lack of proper instrumentalities, training, and assistance created an unreasonable risk of harm to Plaintiff.

16.    The risk of injury to its employees was known or reasonably should have been known to Defendant. However, Defendant consciously disregarded a known, unreasonable risk of danger to Plaintiff. But for Defendant's failure to remedy a known hazard, Plaintiff would not have been injured. The failure to ensure that Defendant employees operating forklifts were adequately trained and doing so in a safe manner created a foreseeable, known risk. Defendant's negligence was therefore a direct and proximate cause of Plaintiff's injuries.

**B.    <u>Vicarious Liability</u>**

17.    Plaintiff incorporates all prior paragraphs of this petition here.

18.    At all material times, Defendant's employees were acting in the course and scope of their employment with Defendant. The incident made the basis of this suit is a direct and proximate result of the negligence of Defendant's employees. Therefore, Defendant is

liable under the doctrine of *respondeat superior* for the acts and omissions of their agents, servants, employees, and statutory employees and agents, including personnel in charge of keeping the Premises clean, free of hazards, and safe.

19.    Moreover, Defendant was negligent by failing to properly train and supervise its employees, who in turn failed to warn Plaintiff of the dangerous situation and thus caused his injuries.

20.    Defendant's breaches and/or the breaches of Defendant's employees in the course and scope of their employment proximately caused Plaintiff's injuries.

21.    Each of the above acts or omissions constitutes negligence.

**C.    <u>Gross Negligence</u>**

22.    Plaintiff incorporates all prior paragraphs of this petition here.

23.    When viewed objectively from the standpoint of the Defendant at the time of their occurrence, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of harm to others. Defendant had actual, subjective awareness of this extreme risk, but nevertheless proceeded with conscious disregard to the rights, safety, and welfare of Plaintiff and others.

24.    Plaintiff is therefore entitled to recover exemplary damages, pursuant to Texas Civil Practices and Remedies Code § 41.001 *et seq.*, in an amount deemed proper by the jury.

**<u>NON-SUBSCRIBER</u>**

25.    At the time of the occurrence made the basis of this suit, Defendant was a non-subscriber as described in Texas Labor Code § 406.003 because Defendant did not have a workers' compensation policy in force to cover this occurrence.

26.     Defendant is therefore barred from raising the common law defenses outlined in Texas Labor Code § 406.033(a) of contributory negligence, assumption of the risk, or the fellow servant doctrine.

## DAMAGES

27.     Plaintiff's damages include, *inter alia*, injuries to his shoulders, neck, back, legs, and other parts of his body, which resulted in severe pain, physical impairment, discomfort, mental anguish, distress, and other medical problems. Plaintiff has incurred medical expenses, and is likely to incur future medical expenses, for the treatment of injuries caused by Defendant's negligence.

28.     Therefore, Plaintiff brings suit for the following damages:

    (1)     past and future medical expenses;

    (2)     past and future physical pain and suffering;

    (3)     past and future mental anguish;

    (4)     past and future physical impairment;

    (5)     past and future disfigurement;

    (6)     past and future lost wages and lost earning capacity; and

    (7)     exemplary damages.

## REQUIRED INITIAL DISCLOSURES

29.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is required to disclose, within thirty (30) days of filing an Answer, the information and materials described in Rule 194.2.

### TEXAS RULE OF EVIDENCE 609(f) REQUEST

30.     Plaintiff requests that Defendant, pursuant to Texas Rule of Evidence 609(f), give Plaintiff sufficient advanced written notice of Defendant's intent to use evidence of a conviction of a crime under Rule 609(f) against any party or witness in this case, with failure to do so resulting in inadmissibility of the same.

### TEXAS RULE OF CIVIL PROCEDURE 193.7 NOTICE

31.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff may enter into evidence at the trial or at any other proceeding during the pendency of this matter all documents produced to Plaintiff in response to discovery requests.

### RESERVATIONS

32.     Plaintiffs reserve the right to assert or re-assert any claim, cause of action, or theory of liability or damages against any party, notwithstanding the filing of any amended or supplemental pleading. The filing of any subsequent pleadings as "amended" or "supplemental" shall not convey that Plaintiffs have intended to abandon, waive, or non-suit any party, claim, cause of action, or theory of liability or damages, unless expressly stated therein.

### DEMAND FOR JURY TRIAL

33.     Plaintiff demands a trial by jury on all claims.

### PRAYER

Plaintiff prays that Defendant be cited to appear herein and, after a trial on the merits, that the Court enter judgment awarding Plaintiff actual damages and additional damages as allowed by law, costs of court, pre- and post-judgment interest to the maximum extent as

allowed by law, and all such other and further relief, both general and special, at equity and at law, to which Plaintiff may be justly entitled.

Respectfully submitted,

**ARMSTRONG LEE & BAKER LLP**

By: _/s/ Scott P. Armstrong_
    Scott P. Armstrong
    State Bar No. 24092050
    Laura M. Gómez Duarte
    State Bar No. 24131336
2800 North Loop West, Ste. 900
Houston, Texas 77092
Telephone:  (832) 709-1124
Facsimile:   (832) 709-1125
sarmstrong@armstronglee.com
lgomezduarte@armstronglee.com
service@armstronglee.com

**Attorneys for Plaintiff**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Cindy Ibarra on behalf of Laura Gomez Duarte
Bar No. 24131336
cibarra@armstronglee.com
Envelope ID: 83977124
Filing Code Description: Original Petition
Filing Description:
Status as of 2/3/2024 1:23 PM CST

Associated Case Party: MICHAEL WHITE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Scott Armstrong | | sarmstrong@armstronglee.com | 1/31/2024 9:28:58 AM | SENT |
| Laura Gomez Duarte | | lgomezduarte@armstronglee.com | 1/31/2024 9:28:58 AM | SENT |
| Armstrong Lee & Baker LLP Service | | service@armstronglee.com | 1/31/2024 9:28:58 AM | SENT |

# EXHIBIT "B"

FILED
8/2/2024 2:29 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Dominique Gadberry DEPUTY

Case 3:25-cv-02704-S    Document 1    Filed 10/03/25    Page 19 of 77    PageID 19

CAUSE NO. DC-24-01647

| | | |
|---|---|---|
| MICHAEL WHITE | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| EXEL, INC. D/B/A DHL SUPPLY CHAIN | § | |
| *Defendant.* | § | 298 JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Michael White ("***Plaintiff***") files his First Amended Petition against Defendants Exel, Inc. d/b/a DHL Supply Chain ("***Exel***") and Dedicated Freight Handlers, Inc. ("***Dedicated Freight***", collectively, the "***Defendants***"). In support thereof, Plaintiff would show the following:

### DISCOVERY LEVEL

1.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Discovery Control Plan Level 2.

### PARTIES

2.     Plaintiff is an individual residing in Dallas County, Texas. Plaintiff may be served through the undersigned counsel.

3.     Defendant Exel, Inc. d/b/a DHL Supply Chain is a for-profit corporation that does business in the State of Texas, including Dallas County. Defendant Exel may be served through its counsel of record.

4.     Defendant Dedicated Freight Handlers, Inc. is a for-profit corporation that does business in the State of Texas, including Dallas County. Defendant Dedicated Freight may be served through its registered agent for service of process, Kruger Tax Accounting & Forensic

Associate at 7451 Wiles Road, Suite 204, Coral Springs, Florida 33067. Plaintiff requests issuance of citation to Defendant Dedicated Freight.

## MISNOMER/ALTER EGO

5.     In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.  Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## JURISDICTION & VENUE

6.     Jurisdiction is proper in this Court because the amount-in-controversy is within the jurisdictional limits of this Court. Plaintiff seeks monetary relief of more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

7.     Defendants conduct substantial business in this State, which comprise the contacts out of which this case arises. Indeed, Defendants controlled and conducted business at the Dallas facility where Plaintiff worked and was injured. Therefore, Defendants have purposefully availed themselves of the protections, privileges, and obligations of Texas law, and its minimum contacts with Texas satisfy due process requirements such that traditional notions of fair play and substantial justice would not be offended by this Court's exercise of personal jurisdiction over Defendant Exel and Defendant Dedicated Freight.

8.     Venue is proper in this Court because all or a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this county.

## FACTS

9.      On or about October 1, 2022, Plaintiff was working in the course and scope of his employment for Defendant Exel at its distribution warehouse, located at 10101 Bonnie View Road, Suite 300, Dallas, Texas 75241 (the "***Premises***") when he was struck by a forklift.

10.     Upon information and belief, Plaintiff was struck by a forklift operated by an employee of Defendant Dedicated Freight on the Premises.

11.     As a result of the forklift collision, Plaintiff suffered serious bodily injuries and serious loss for which he seeks redress.

## CAUSES OF ACTION

**A.    Negligence against Defendant Exel, Inc. d/b/a DHL Supply Chain**

12.     Plaintiff incorporates all prior paragraphs of this Petition here.

13.     Because Plaintiff was Defendant Exel's employee, Defendant Exel had a duty to provide the proper and necessary instrumentalities, training, and assistance for Plaintiff to perform his work safely.

14.     At the time and occasion in question, Defendant Exel failed to use ordinary care by various acts and/or omissions including, but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

a.      Failing to provide proper safety equipment for Plaintiff and/or his co-workers to perform their job duties activities safely;

b.      Failing to provide proper safety equipment for Plaintiff and/or his co-workers to operate forklifts safely;

c.      Failing to provide adequate training to Plaintiff and/or his co-workers perform to their job duties activities safely;

d.      Failing to provide adequate training to Plaintiff and/or his co-workers perform to operate forklifts safely;

e.      Failing to supervise Plaintiff and his coworkers;

f.    Failing to develop and implement a proper safe work protocol for ensuring Plaintiff's work area was safe;

g.    Failing to develop and implement proper safety protocols for employees operating forklifts;

h.    Failing to enforce any existent precautionary measures and safety protocols regarding forklifts;

i.    Disregarding the safety of Plaintiff; and

j.    Other acts deemed negligent.

15.    Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this suit and Plaintiff's injuries.

16.    Defendant Exel failed to provide sufficient training, assistance and equipment for its employees, including Plaintiff, to safely operate a forklift, which is necessary to perform their work safely. The lack of proper instrumentalities, training, and assistance created an unreasonable risk of harm to Plaintiff.

17.    The risk of injury to its employees was known or reasonably should have been known to Defendant Exel. However, Defendant Exel consciously disregarded a known, unreasonable risk of danger to Plaintiff. But for Defendant Exel's failure to remedy a known hazard, Plaintiff would not have been injured. The failure to ensure that Defendant Exel's employees operating forklifts were adequately trained and doing so in a safe manner created a foreseeable, known risk. Defendant Exel's negligence was therefore a direct and proximate cause of Plaintiff's injuries.

**B.**      **Vicarious Liability against Defendant Exel, Inc. d/b/a DHL Supply Chain**

18.      Plaintiff incorporates all prior paragraphs of this petition here.

19.      At all material times, Defendant Exel's employees were acting in the course and scope of their employment with Defendant Exel. The incident made the basis of this suit is a direct and proximate result of the negligence of Defendant Exel's employees. Therefore, Defendant Exel is liable under the doctrine of *respondeat superior* for the acts and omissions of their agents, servants, employees, and statutory employees and agents, including personnel in charge of keeping the Premises clean, free of hazards, and safe.

20.      Moreover, Defendant Exel was negligent by failing to properly train and supervise its employees, who in turn failed to warn Plaintiff of the dangerous situation and thus caused his injuries.

21.      Defendant Exel's breaches and/or the breaches of Defendant Exel's employees in the course and scope of their employment proximately caused Plaintiff's injuries.

22.      Each of the above acts or omissions constitutes negligence.

**C.**      **Negligence against Dedicated Freight Handlers, Inc.**

23.      Plaintiff incorporates all prior paragraphs of this Petition here.

24.      Defendant Dedicated Freight owed Plaintiff a duty to exercise ordinary care and not subject Plaintiff to unreasonable risk of injury.

25.      At the time and occasion in question, Defendant Dedicated Freight failed to use ordinary care by various acts and/or omissions including, but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

　　　　a.  Failing to provide adequate training to its employees on how to perform their jobs safely;

b.  Failing to provide adequate training to its employees on how to operate forklifts safely;

c.  Failing to supervise its employees;

d.  Failing to develop and implement a proper safe work protocol;

e.  Failing to develop and implement proper safety protocols for its employees operating forklifts;

f.  Failing to enforce any existent precautionary measures and safety protocols regarding forklifts;

g.  Disregarding the safety of Plaintiff; and

h.  Other acts deemed negligent.

26.  Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this suit and Plaintiff's injuries.

27.  Defendant Dedicated Freight failed to provide sufficient training, assistance and equipment to its employees on how to safely operate forklifts. Defendant Dedicated Freight knew or reasonably should have known that the lack of proper instrumentalities, training, and assistance to its employees created an unreasonable risk of harm to Plaintiff and others.

28.  However, Defendant Dedicated Freight consciously disregarded a known, unreasonable risk of danger to Plaintiff. But for Defendant Dedicated Freight's failure to remedy a known hazard, Plaintiff would not have been injured. The failure to ensure that Defendant Dedicated Freight's employees operating forklifts were adequately trained and doing so in a safe manner created a foreseeable, known risk. Defendant Dedicated Freight's negligence was therefore a direct and proximate cause of Plaintiff's injuries.

D.    **Vicarious Liability against Dedicated Freight Handlers, Inc.**

29.    Plaintiff incorporates all prior paragraphs of this petition here.

30.    At all material times, Defendant Dedicated Freight's employees were acting in the course and scope of their employment with Defendant Dedicated Freight on the Premises.

31.    Because the forklift operator that struck Plaintiff was an employee of Defendant Dedicated Freight acting in the course and scope of his employment with Defendant Dedicated Freight at the time of the forklift collision, Defendant Dedicated Freight is liable under the doctrine of *respondeat superior* for the acts and omissions of their agents, servants, employees, and statutory employees and agents, including personnel in charge of keeping the Premises clean, free of hazards, and safe.

32.    Moreover, Defendant Dedicated Freight was negligent by failing to properly train and supervise its employees, who in turn failed to warn Plaintiff of the dangerous situation and thus caused his injuries.

33.    Defendant Dedicated Freight's breaches and/or the breaches of Defendant Dedicated Freight's employees in the course and scope of their employment proximately caused Plaintiff's injuries.

34.    The incident made the basis of this suit is a direct and proximate result of the negligence of Defendant Dedicated Freight's employees.

35.    Each of the above acts or omissions constitutes negligence.

E.    **Gross Negligence against All Defendants.**

36.    Plaintiff incorporates all prior paragraphs of this petition here.

37.    When viewed objectively from the standpoint of the Defendants at the time of their occurrence, Defendants' conduct involved an extreme degree of risk, considering the probability

and magnitude of harm to others. Defendants had actual, subjective awareness of this extreme risk, but nevertheless proceeded with conscious disregard to the rights, safety, and welfare of Plaintiff and others.

38.     Plaintiff is therefore entitled to recover exemplary damages, pursuant to Texas Civil Practices and Remedies Code § 41.001 *et seq.*, in an amount deemed proper by the jury.

## NON-SUBSCRIBER

39.     At the time of the occurrence made the basis of this suit, Defendant Exel was a non-subscriber as described in Texas Labor Code § 406.003 because Defendant Exel did not have a workers' compensation policy in force to cover this occurrence.

40.     Defendant Exel is therefore barred from raising the common law defenses outlined in Texas Labor Code § 406.033(a) of contributory negligence, assumption of the risk, or the fellow servant doctrine.

## DAMAGES

41.     Plaintiff's damages include, *inter alia*, injuries to his shoulders, neck, back, legs, and other parts of his body, which resulted in severe pain, physical impairment, discomfort, mental anguish, distress, and other medical problems. Plaintiff has incurred medical expenses, and is likely to incur future medical expenses, for the treatment of injuries caused by Defendants' negligence.

42.     Therefore, Plaintiff brings suit for the following damages:

(1)     past and future medical expenses;

(2)     past and future physical pain and suffering;

(3)     past and future mental anguish;

(4)     past and future physical impairment;

(5)    past and future disfigurement;

(6)    past and future lost wages and lost earning capacity; and

(7)    exemplary damages.

## REQUIRED INITIAL DISCLOSURES

43.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are required to disclose, within thirty (30) days of filing an Answer, the information and materials described in Rule 194.2.

## TEXAS RULE OF EVIDENCE 609(f) REQUEST

44.    Plaintiff requests that Defendants, pursuant to Texas Rule of Evidence 609(f), give Plaintiff sufficient advanced written notice of Defendants' intent to use evidence of a conviction of a crime under Rule 609(f) against any party or witness in this case, with failure to do so resulting in inadmissibility of the same.

## TEXAS RULE OF CIVIL PROCEDURE 193.7 NOTICE

45.    Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff may enter into evidence at the trial or at any other proceeding during the pendency of this matter all documents produced to Plaintiff in response to discovery requests.

## RESERVATIONS

46.    Plaintiffs reserve the right to assert or re-assert any claim, cause of action, or theory of liability or damages against any party, notwithstanding the filing of any amended or supplemental pleading. The filing of any subsequent pleadings as "amended" or "supplemental" shall not convey that Plaintiffs have intended to abandon, waive, or non-suit any party, claim, cause of action, or theory of liability or damages, unless expressly stated therein.

## DEMAND FOR JURY TRIAL

47.    Plaintiff demands a trial by jury on all claims.

## PRAYER

Plaintiff prays that Defendants be cited to appear herein and, after a trial on the merits, that the Court enter judgment awarding Plaintiff actual damages and additional damages as allowed by law, costs of court, pre- and post-judgment interest to the maximum extent as allowed by law, and all such other and further relief, both general and special, at equity and at law, to which Plaintiff may be justly entitled.

Respectfully submitted,

**ARMSTRONG LEE & BAKER LLP**

By:  /s/ Scott P. Armstrong
    Scott P. Armstrong
    State Bar No. 24092050
    Laura M. Gómez Duarte
    State Bar No. 24131336
2800 North Loop West, Ste. 900
Houston, Texas 77092
Telephone:   (832) 709-1124
Facsimile:    (832) 709-1125
sarmstrong@armstronglee.com
lgomezduarte@armstronglee.com
service@armstronglee.com

**Attorneys for Plaintiff**

## <u>CERTIFICATE OF SERVICE</u>

This will hereby certify that a true and correct copy of the foregoing document has been served on the following persons in accordance with the Texas Rules of Civil Procedure on August 2, 2024:

*VIA E-service:* <u>ryan@doyleseelbach.com</u>*;* <u>eduardo@doyleseelbach.com</u>
Ryan Cantu & Eduardo Ortiz
Doyle & Seelbach PLLC
13215 Bee Cave Parkway, Suite A220
Austin, Texas 78378

**Attorney for Defendant Exel, Inc. d/b/a DHL Supply Chain**

*/s/ Laura M. Gómez Duarte*
Laura M. Gómez Duarte

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Cindy Ibarra on behalf of Laura Gomez Duarte
Bar No. 24131336
cibarra@armstronglee.com
Envelope ID: 90488224
Filing Code Description: Amended Petition
Filing Description:
Status as of 8/8/2024 2:56 PM CST

Associated Case Party: MICHAEL WHITE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Scott Armstrong | | sarmstrong@armstronglee.com | 8/2/2024 2:29:30 PM | SENT |
| Armstrong Lee & Baker LLP Service | | service@armstronglee.com | 8/2/2024 2:29:30 PM | SENT |
| Laura Gomez Duarte | | lgomezduarte@armstronglee.com | 8/2/2024 2:29:30 PM | SENT |

Associated Case Party: EXEL INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ryan Cantu | | ryan@doyleseelbach.com | 8/2/2024 2:29:30 PM | SENT |
| Ortiz Eduardo | | eduardo@doyleseelbach.com | 8/2/2024 2:29:30 PM | SENT |
| Tiffany Williams | | tiffany@doyleseelbach.com | 8/2/2024 2:29:30 PM | SENT |
| Deborah Johns | | deborah@doyleseelbach.com | 8/2/2024 2:29:30 PM | SENT |

EXHIBIT "C"

FILED
8/25/2025 3:05 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Nicole Burroughs DEPUTY

Case 3:25-cv-02704-S   Document 1   Filed 10/03/25   Page 32 of 77   PageID 32

NO. <u>DC-24-01647</u>

| | | |
|---|---|---|
| **MICHAEL WHITE** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **298TH JUDICIAL DISTRICT** |
| | § | |
| **EXEL, INC. (D/B/A DHL SUPPLY** | § | |
| **CHAIN) AND DEDICATED FREIGHT** | § | |
| **HANDLERS, INC.** | § | |
| **Defendants.** | § | **OF DALLAS COUNTY, TEXAS** |

## <u>DEDICATED FREIGHT HANDLERS, INC.'S THIRD-PARTY CROSS-CLAIM AND PETITION FOR INDEMNIFICATION AND/OR CONTRIBUTION</u>

NOW COMES Defendant and Third-Party Plaintiff, Dedicated Freight Handlers, Inc. ("DFH"), named Defendant in the above-entitled and numbered cause, and files this Third-Party Cross-Claim and Petition for Indemnification and/or Contribution, and shows the Court:

### SUMMARY

1.      Dedicated Freight Handlers, Inc. brings this third-party cross-claim and petition for indemnification in response to Triune Logistics, LLC's (d/b/a Triune Staffing) failure to provide applicable insurance coverage or indemnification and defense in the immediate suit as required by the Dedicated Freight Handlers, Inc. and Triune Logistics, LLC's (d/b/a Triune Staffing) January 1, 2019 contract for the provision of staffing services and related products and services including but not limited to insurance coverage or indemnification and defense.

### DISCOVERY

2.      DFH intends that discovery be conducted under Discovery Level 3.

3.      A docket control order has previously been entered in this suit on or about August 5, 2025 providing for various deadlines, hearing dates, and a non-jury trial to take place on December 9, 2025.

## PARTY IDENTIFICATION INFORMATION

4.    Third-Party Plaintiff, Dedicated Freight Handlers, Inc. ("DFH"), is a Florida corporation.

5.    Third-Party Defendant, Triune Logistics, LLC (d/b/a Triune Staffing) ("Triune"), doing business in the State of Texas, is an Illinois limited liability company whose principal address is 400 North Schmidt Road, Suite 204, Bolingbrook, Illinois 60440 and who may be served through their registered agent, Mr. Alfred A Garza, at 400 North Schmidt Road, Suite 204, Bolingbrook, Illinois 60440.

## SUPPORTING EXHIBITS

6.    Plaintiff offers the following Exhibits pursuant to Rule 59 of the Texas Rules of Civil Procedure:

| Exhibit | Description |
|---------|-------------|
| A | January 1, 2019 Staffing Service Contract By and Between Dedicated Freight Handlers, Inc. and Triune Logistics, LLC (d/b/a Triune Staffing) entitled "Service Proposal for: Dedicated Freight Handlers Perris" |
| B | August 2, 2024 Plaintiff's First Amended Petition |
| C | June 23, 2025 Letter Denying Coverage from The Cincinnati Specialty Underwriters Insurance Company |
| D | July 14, 2025 Email Agreeing to Indemnify and Defend DFH from Mr. Alfred A Garza of Triune Logistics, LLC (d/b/a Triune Staffing) |

## JURISDICTION AND VENUE

7.    The subject matter in controversy is within the jurisdictional limits of this Court.

8.    DFH seeks monetary relief over $1,000,000.00 (or as provided by Plaintiff, Mr. Michael White's, live pleadings in this cause) and/or non-monetary relief.

9.    DFH would show that Triune had continuous and systematic contacts with he state of Texas sufficient to establish general jurisdiction over said party. DFH would also show that the cause of

action arose from or relates to the contacts of Triune to the state of Texas, thereby conferring specific jurisdiction with respect to Triune. Further, DFH and Triune's January 1, 2019 agreement specifically provides, "any disputes arising out of this Agreement shall be resolved through a court of competent jurisdiction located in the county in which the location of the DFH business is being operated". Ex. A.

10.     DFH would show that Triune engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that Triune recruits or has recruited Texas residents for employment inside or outside this state.

11.     Additionally, this Court has jurisdiction over Triune Logistics, LLC (d/b/a Triune Staffing) because said party purposefully availed itself of the privilege of conducting business in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said party, and the assumption of jurisdiction over Triune Logistics, LLC (d/b/a Triune Staffing) will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

## FACTUAL ALLEGATIONS

12.     On or about January 1, 2019, DFH and Triune entered into a written agreement for the provision of staffing services and insurance coverage. Ex. A. As part of the parties' agreement, Triune agreed to provide DFH "Worker Compensation and Liability Insurance" and to "provide certificates of insurance evidencing the above referenced insurance coverages being in effect and shall promptly provide written notice to DFH in the event of termination or lapse in any of the above coverages. Ex. A. Triune further promised to:

> "unconditionally … indemnify, hold harmless, protect, defend DFH and all of DFH current or former shareholders, employees, attorneys, officers, board members, directors, agents and representatives from and against an [sic] and all claims, suits, petitions, demands, government investigations, damages (including liquidated,

punitive and compensatory), injuries, death, actions and causes of action, costs and expenses including attorney fee for matters arising out of Triune Staffing's negligence, intentional acts and/or breach of this Agreement, including but not limited to matters relating to Payroll Checks, IRS filings, funding issues, W2 form issuance or inaccurate W2 forms." Ex. A.

The agreement further provides that "any disputes arising out of this Agreement shall be resolved through a court of competent jurisdiction located in the county in which the location of the DFH business is being operated" and for "any dispute which arises out of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs, including prior to litigation, in litigation, in appeal and/or bankruptcy, if any." Ex. A.

13.     On or about October 1, 2022, during the early morning hours, Plaintiff, Michael White ("Plaintiff" or "Mr. White"), alleges an incident occurred in which Mr. White alleges he was driving a forklift in the course and scope of his duties as an employee of Defendant, Exel, Inc. (d/b/a DHL Supply Chain) ("Exel"), and was struck by another forklift driven by non-party, Enrique Sosa, resulting in what Mr. White characterizes as "serious bodily injuries and serious loss" for which he now appears to seek applicable remedies. Ex. B.

14.     On January 31, 2024, Mr. White brought suit against Exel, alleging various theories of negligence resulting in Mr. White's injuries. *See generally* Plaintiff's Orig. Pet., January 31, 2024. On August 2, 2024, Exel filed Defendant's Motion for Leave to Designate Dedicated Freight Handlers, Inc. as Responsible Third Party alleging and designating DFH as a responsible third-party. *See generally* Defendant's Motion for Leave to Designate Dedicated Freight Handlers, Inc. as Responsible Third Party, August 2, 2024.

15.     On August 2, 2024, Mr. White amended his pleadings to add DFH as a named Defendant. *See generally* Plaintiff's First Amen. Pet., August 2, 2024; Ex. B. On September 16, 2024, DFH filed DFH's Defendant, Dedicated Freight Handlers, Inc.'s Original Answer and Affirmative

Defenses. *See generally* Defendant, Dedicated Freight Handlers, Inc.'s Orig. Answer and Aff. Defenses, September 16, 2024.

16.     Contemporaneously with the preparation and filing of its original answer, DFH began efforts to identify and engage applicable insurance and/or indemnification coverages. Such efforts included but were not limited to contacting Triune through Mr. Alfred A Garza ("Mr. Garza"), who serves as Triune's registered agent and the point of contact for DFH at Triune. DFH was advised that Triune was not carrying and had not provided insurance coverage which would be applicable to the facts and circumstances alleged in the immediate suit.

17.     DFH continued diligent efforts to identify applicable insurance and indemnity coverages applicable to the immediate suite, eventually culminating in Triune reversing course, advising DFH that applicable insurance coverage may exist, and placing DFH in contact with the applicable insurance carrier on or about May 29, 2025. DFH made every reasonable effort to cooperate and provide such information as may be required to engage the applicable coverage; however, on June 23, 2025, DFH received written correspondence from The Cincinnati Specialty Underwriters Insurance Company ("CSUIC") indicating that said coverage was denied. Ex. C.   Almost immediately upon receipt of said correspondence, DFH was advised by Triune that Triune expected CSUIC to reverse the decision within a relatively short time and that DFH would be provided applicable insurance coverage. Despite these assurances and representations, CSUIC does not appear to have reversed its decision and no insurance coverage has yet been provided.

18.     On July 14, 2025, Triune, through its authorized representative, Mr. Garza, provided its written agreement and assurance of its intent to indemnify and defend DFH via email. Ex. D. Despite this assurance and representation, Triune has failed to provide counsel or take any further action in furtherance of that intention.

## CAUSES OF ACTION

*Breach of Contract – Indemnification and Defense*

19.     Third-Party Plaintiff, DFH, incorporates by reference the allegations set forth above as if the same were fully set forth herein.

20.     All conditions precedent to Triune's performance under the contract, if any, have been met and DFH has fully complied with their obligations under the contract.

21.     Triune has failed to perform its contractual obligations. Specifically, Triune has breached the contract by failing to:

      a.   provide DFH "Liability Insurance";

      b.   "provide certificates of insurance evidencing the [applicable] insurance coverages being in effect";

      c.   "provide written notice to DFH in the event of termination or laps in any of the [applicable insurance coverages]"; and/or

      d.   "indemnify, hold harmless, protect, defend DFH and all of DFH current or former shareholders, employees, attorneys, officers, board members, directors, agents and representatives from and against an [sic] and all claims, suits, petitions, demands, government investigations, damages (including liquidated, punitive and compensatory), injuries, death, actions and causes of action, costs and expenses including attorney fee for matters arising out of Triune Staffing's negligence, intentional acts and/or breach of this Agreement, including but not limited to matters relating to Payroll Checks, IRS filings, funding issues, W2 form issuance or inaccurate W2 forms." Ex. A.

*Breach of Implied Warranty of Merchantability*

22.    Third-Party Plaintiff, DFH, incorporates by reference the allegations set forth above as if the same were fully set forth herein.

23.    Third-Party Defendant, Triune, is a merchant engaged in the sale of staffing services and related services and products.

24.    On January 1, 2019, DFH and Triune contracted for the provision of staffing services by Triune. Ex. A. Said agreement included provisions that required Triune to provide, among other things, "Liability Insurance" or, if such coverage was not provided, indemnification and defense of DFH.

25.    In connection with the sale of said services and/or products to DFH, Triune made an implied warranty under Section 2.314(b)(3) of the Texas Business and Commerce Code that the product was of merchantable quality and fit for the intended purposes, particularly, protection from loss in the event of lawsuit or claims against DFH including but not limited to incidents of the nature described by Plaintiff, Mr. White's, live pleading.

26.    DFH attempted to utilize said product in the immediate suit, but the insurance product proved unfit for that purpose in that coverage was denied and Triune has failed to indemnify and defend DFH in the present suit.

27.    As a result of the product being unfit for its ordinary and intended use, DFH has suffered damages, including incidental and consequential damages.

*Negligent Misrepresentation*

28.    Third-Party Plaintiff, DFH, incorporates by reference the allegations set forth above as if the same were fully set forth herein.

29.    DFH would show that Triune made a false representation in the course of the transactions the subject of this pleading. DFH had a pecuniary interest in the transactions the subject of this

pleading and Triune's representations were made in such a manner as to guide DFH's conduct in DFH's business.

30.    Triune failed to exercise reasonable care or competence in obtaining or communicating such information represented.

31.    DFH justifiably relied on the misrepresentations of Triune, resulting in pecuniary loss, including incidental and consequential damages.

32.    DFH therefore asserts a cause of action for negligent misrepresentation against Triune as provided by *Federal Land Bank Association of Tyler v. Sloane*, 825 S.W.2d 439 (Tex. 1991).

*Promissory Estoppel*

33.    Third-Party Plaintiff, DFH, incorporates by reference the allegations set forth above as if the same were fully set forth herein.

34.    DFH seeks to recover for the costs incurred by DFH in detrimental reliance on the promise(s) of Triune.

## DAMAGES

35.    Third-Party Plaintiff, DFH, incorporates by reference the allegations set forth above as if the same were fully set forth herein.

36.    DFH has sustained damages in excess of this Court's jurisdictional minimum, as a result of the actions and/or omissions of Triune described hereinabove, including but not limited to:

       a.    Actual or economic damages;

       b.    Special or consequential damages; and/or

       c.    Attorney's fees and costs.

## OTHER RELIEF REQUESTED

37.    Third-Party Plaintiff, DFH, incorporates by reference the allegations set forth above as if

the same were fully set forth herein.

38.    DFH requests the Court order Triune to either provide applicable insurance coverage or, if applicable insurance coverage cannot now be provided, order Triune to indemnify and defend DFH in the immediate suit.

## ATTORNEY'S FEES

39.    Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of DFH herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by:  Chapter 38 of the Texas Civil Practice and Remedies Code; applicable common law authorities; and applicable theories in equity.

## ALTERNATIVE CLAIMS AND DEFENSES

40.    Pursuant to Rule 48 of the Texas Rules of Civil Procedure, DFH hereby provides notice that some or all of the claims and/or defenses made herein are made in the alternative.

## RULE 193.7 NOTICE

41.    DFH hereby provides notice of its intent to rely on the self-authentication provisions of Rule 193.7 of the Texas Rules of Civil Procedure with respect to any document produced by any party.

## PRAYER

Dedicated Freight Handlers, Inc. prays the Court issue citation for third-party defendant, Triune Logistics, LLC (d/b/a Triune Staffing), to appear and answer, and that third-party plaintiff, Dedicated Freight Handlers, Inc., be awarded a judgment against third-party defendant, Triune Logistics, LLC (d/b/a Triune Staffing), for such relief as third-party plaintiff, Dedicated Freight Handlers, Inc., may be entitled, including but not limited to attorney's fees and costs of defense in

the immediate suit, indemnification and defense from judgment, and for such other relief as third-party plaintiff, Dedicated Freight Handlers, Inc., may be entitled.

Respectfully submitted,

Foster Massengill, PLLC
101 South Dallas Street, Suite 200
Ennis, Texas 75119
Tel: (972) 878-9105
Fax: (972) 878-0554

By: /s/ JD Foster
    JD Foster
    Texas Bar No. 24077888
    jd@fostermassengill.com
    *Attorney for Dedicated Freight Handlers, Inc.*

    **\*Please copy Andrea Foster –
    andrea@fostermassengill.com on all filings
    and communications.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon all attorneys of record in accordance with the Texas Rules of Civil Procedure.

/s/ JD Foster
JD Foster,
Attorney for Dedicated Freight Handlers, Inc.



**TRIUNE**
STAFFING

Date: 01/01/2019

## Service Proposal for:

## Dedicated Freight Handlers Perris

This Agreement is made and entered into by and between Triune Staffing, LLC. a Illinois limited liability company whose address is 400 N. Schmidt Road, Suite 204, Boling Brook, Illinois, 60440 ("Triune") and Dedicated Freight Handlers Inc, a Florida Corporation,("DFH") whose address is 400 NW 69 Street, Boca Raton, Florida 33487.

In consideration of Ten Dollars ($10.00) and other good and valuable consideration, the extent and sufficiency of which is hereby acknowledged, the parties agree as follows:

Truine shall provide staffing services as detailed herein to DFH in connection with DFH's business at the following rates and subject to the following terms and conditions:

### Rates

See Exhibit "A" attached hereto and incorporated herein relating to the rates applicable to the specific location to which this Agreement applies. A separate Exhibit "A" shall be provided for each location to which this Agreement applies.

### State Mandated PTO Hours

While working in States that require employers to pay PTO or Sick hours to their workers, these workers will be paid per the State law and they will be invoiced to Dedicated Freight Handlers █████████████████████

### Holiday, Vacation, Sick and PTO Pay:

All Holiday Hours, Vacation Hours and Sick Hours ██████████████████████████████ If you would like to have any of these extra benefits for the regular people who help your business, your company will be invoiced ████████████████████

**Holiday Pay** ████████████████

**Approved Holidays** ████████████████████████████

# EXHIBIT A

If there are other Holidays you would like to pay please write them here. 

|  | Yes | No |
|---|---|---|
| **Vacation Pay** |  |  |
| **Sick Pay** |  |  |

Triune Staffing will do everything possible to keep costs low to ensure you can affectively service your customers and help us provide jobs to our loyal resources.



**Drug Test & Background Package:**     Customer's decision not required
    \*If drug testing is required each test will cost █████████████████
    \*If background check is required each test will █████████████████

**Administrative:**     Rates inclusive of..........
    \*Worker Compensation and Liability Insurance
    \*Required Payroll Taxes
    \*Employer FICA Contributions
    \*Government Quartly Reviews
    \*W-2 Issuance
    \*Affordable Care Act Insurance
    \*Unemployment Insurance
    \*All Administrative Costs for Recruiting, Personnel Records, Etc.
    Truine shall provide certificates of insurance evidencing the above referenced insurance coverages being in effect and shall promptly provide written notice to DFH in the event of termination or lapse in any of the above coverages.

**Miscellaneous:**
    \*All ordered employees are billed at a minimum of ████████████
    \*All invoices will be paid within ██████████████
    \*All invoices older than ████████ will be subject to ██████████████
    \*All Sick hours or State Mandated Time Off  will ██████████████
    \*Customer is ██████████████
    \*This Agreement shall be effective upon execution by both parties and may only be modified in a writing executed by both parties.

**Special Conditions**

**Dedicated Freight Handlers Inc is responsible for**

a. solicit, interview, hire, assign the working wage, assign the work location, assign the work schedule assign department, or job the employee will perform, their work tasks, all training per location termination of any employee not performing to the DFH needs. DFH will also be responsible for maintaining a clean and safe work environment for the employees and the capturing of all hours.

b. DFH will provide light duty work for any employee who has an accident and is injured at a DFH clients.

c. DFH is responsible to report accurate hours worked and current wages for all employees working for the DFH at one of their customer locations and any other information pertaining to the employee.

Triune Staffing is not responsible for any reporting errors for reporting prepared by DFH, work environment issues and will not make or be responsible for any decisions regarding the employee's job, wages, or instructions given to them.

DFH is solely responsible for the accuracy and completeness of any information, materials or data that DFH provides to Triune Staffing relating to clients of DFH Triune Staffing shall not be responsible for errors transmitted by DFH for any of the above mentioned items.

**Triune Staffing is responsible for**
a. Issue payroll checks including deducting and remitting all local, state, and federal taxes required of any employer with respect to wages paid by DFH. And paying The IRS as required.

b. Process garnishments and wage deduction orders served to DFH.

c. Obtain on behalf of the DFH legally required workers' compensation insurance coverage. The insurance company will provide coverage for indemnification, defense and administration claims concerning workers' compensation lawsuits. Dedicated Freight Handlers Inc., attention: David de Moraes at 27890 Clinton Keith Road, Suite D-259, Murrieta, California 92562  shall be added as a certificate holder to each individual insurance policy for applicable site locations and such certificate of insurance shall be provided to DFH within 10 days of execution of this Agreement by the last of the parties to sign and within 10 days of the parties addition of any location represented by an addition to Exhibit "A" when signed by the last of the parties to sign such Exhibit "A".

d. Payment of Actual workers' compensation premium to the worker's compensation carrier.

e. deliver and provide weekly funding for all DFH accounts processed through Triune Staffing.

**Indemnification by Triune Staffing**
Triune Staffing will hold DFH harmless for Triune Staffing's failure to perform its obligations set forth above in this Agreement. In the event that a claim or loss is due to the fault of Triune Staffing, Triune Staffing unconditionally agrees to indemnify, hold harmless, protect, defend DFH and all of DFH current or former shareholders, employees, attorneys, officers, board members, directors, agents and representatives from and against an and all claims, suits, petitions, demands, government investigations, damages (including liquidated, punitive and compensatory), injuries, death, actions and causes of action, costs and expenses including attorney fee for matters arising out of Triune Staffing's negligence, intentional acts and/or breach of this Agreement, including but not limited to matters relating to Payroll Checks, IRS filings, funding issues, W2 form issuance or inaccurate W2 forms. Triune Staffing does not and will not indemnify DFH for matters which are DFH's responsibility or are entirely caused by DFH's actions.

Any disputes arising out of this Agreement shall be resolved through a court of competent jurisdiction located in the county in which the location of the DFH business is being operated for which Triune Staffing is providing the staff under this Agreement.    This Agreement shall be governed by the laws of the State of Florida.

In the event of any dispute which arises out of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs, including prior to litigation, in litigation, in appeal and/or bankruptcy, if any.

In witness whereof, the parties have executed this Agreement with the intent to be legally bound on the dates set forth next to their signatures below.

Triune Staffing LLC, an Illinois limited liability company

By: _Alfred A Garza_ _ДДS__

Its: _Owner_
Date: _01-01-2019_

Dedicated Freight Handlers Inc, a Florida corporation

By: _David de Moraes_

Its: _Owner_
Date: 01/01/2019

---

**Exhibit "A" – Applicable to Perris- California Discount Tire**

Rates



This Exhibit "A" has been approved for inclusion in the Agreement on the day and date set forth next to the signatures below:

Triune Staffing LLC, an Illinois limited liability company

By: _Alfred A Garza_____

Its: _Owner_____
Date: _01-01-2019_____


Dedicated Freight Handlers Inc, a Florida corporation

By: _David de Moraes_____

Its: Owner_____
Date: _01/01/2019_____

FILED
8/2/2024 2:29 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Dominique Gadberry DEPUTY

Case 3:25-cv-02704-S    Document 1    Filed 10/03/25    Page 48 of 77    PageID 48

CAUSE NO. DC-24-01647

| | | |
|---|---|---|
| MICHAEL WHITE | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| EXEL, INC. D/B/A DHL SUPPLY CHAIN | § | |
| *Defendant.* | § | 298 JUDICIAL DISTRICT |

---

### PLAINTIFF'S FIRST AMENDED PETITION

---

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Michael White ("***Plaintiff***") files his First Amended Petition against Defendants Exel, Inc. d/b/a DHL Supply Chain ("***Exel***") and Dedicated Freight Handlers, Inc. ("***Dedicated Freight***", collectively, the "***Defendants***"). In support thereof, Plaintiff would show the following:

### DISCOVERY LEVEL

1.      Pursuant to the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Discovery Control Plan Level 2.

### PARTIES

2.      Plaintiff is an individual residing in Dallas County, Texas. Plaintiff may be served through the undersigned counsel.

3.      Defendant Exel, Inc. d/b/a DHL Supply Chain is a for-profit corporation that does business in the State of Texas, including Dallas County. Defendant Exel may be served through its counsel of record.

4.      Defendant Dedicated Freight Handlers, Inc. is a for-profit corporation that does business in the State of Texas, including Dallas County. Defendant Dedicated Freight may be served through its registered agent for service of process, Kruger Tax Accounting & Forensic



# EXHIBIT B

Page 1 of 11

Associate at 7451 Wiles Road, Suite 204, Coral Springs, Florida 33067. Plaintiff requests issuance of citation to Defendant Dedicated Freight.

## **MISNOMER/ALTER EGO**

5.      In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.  Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## **JURISDICTION & VENUE**

6.      Jurisdiction is proper in this Court because the amount-in-controversy is within the jurisdictional limits of this Court. Plaintiff seeks monetary relief of more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

7.      Defendants conduct substantial business in this State, which comprise the contacts out of which this case arises. Indeed, Defendants controlled and conducted business at the Dallas facility where Plaintiff worked and was injured. Therefore, Defendants have purposefully availed themselves of the protections, privileges, and obligations of Texas law, and its minimum contacts with Texas satisfy due process requirements such that traditional notions of fair play and substantial justice would not be offended by this Court's exercise of personal jurisdiction over Defendant Exel and Defendant Dedicated Freight.

8.      Venue is proper in this Court because all or a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this county.

## FACTS

9.      On or about October 1, 2022, Plaintiff was working in the course and scope of his employment for Defendant Exel at its distribution warehouse, located at 10101 Bonnie View Road, Suite 300, Dallas, Texas 75241 (the "***Premises***") when he was struck by a forklift.

10.     Upon information and belief, Plaintiff was struck by a forklift operated by an employee of Defendant Dedicated Freight on the Premises.

11.     As a result of the forklift collision, Plaintiff suffered serious bodily injuries and serious loss for which he seeks redress.

## CAUSES OF ACTION

### A.     Negligence against Defendant Exel, Inc. d/b/a DHL Supply Chain

12.     Plaintiff incorporates all prior paragraphs of this Petition here.

13.     Because Plaintiff was Defendant Exel's employee, Defendant Exel had a duty to provide the proper and necessary instrumentalities, training, and assistance for Plaintiff to perform his work safely.

14.     At the time and occasion in question, Defendant Exel failed to use ordinary care by various acts and/or omissions including, but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

      a.      Failing to provide proper safety equipment for Plaintiff and/or his co-workers to perform their job duties activities safely;

      b.      Failing to provide proper safety equipment for Plaintiff and/or his co-workers to operate forklifts safely;

      c.      Failing to provide adequate training to Plaintiff and/or his co-workers perform to their job duties activities safely;

      d.      Failing to provide adequate training to Plaintiff and/or his co-workers perform to operate forklifts safely;

      e.      Failing to supervise Plaintiff and his coworkers;

f.    Failing to develop and implement a proper safe work protocol for ensuring Plaintiff's work area was safe;

g.    Failing to develop and implement proper safety protocols for employees operating forklifts;

h.    Failing to enforce any existent precautionary measures and safety protocols regarding forklifts;

i.    Disregarding the safety of Plaintiff; and

j.    Other acts deemed negligent.

15.    Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this suit and Plaintiff's injuries.

16.    Defendant Exel failed to provide sufficient training, assistance and equipment for its employees, including Plaintiff, to safely operate a forklift, which is necessary to perform their work safely. The lack of proper instrumentalities, training, and assistance created an unreasonable risk of harm to Plaintiff.

17.    The risk of injury to its employees was known or reasonably should have been known to Defendant Exel. However, Defendant Exel consciously disregarded a known, unreasonable risk of danger to Plaintiff. But for Defendant Exel's failure to remedy a known hazard, Plaintiff would not have been injured. The failure to ensure that Defendant Exel's employees operating forklifts were adequately trained and doing so in a safe manner created a foreseeable, known risk. Defendant Exel's negligence was therefore a direct and proximate cause of Plaintiff's injuries.

**B.**     **Vicarious Liability against Defendant Exel, Inc. d/b/a DHL Supply Chain**

18.     Plaintiff incorporates all prior paragraphs of this petition here.

19.     At all material times, Defendant Exel's employees were acting in the course and scope of their employment with Defendant Exel. The incident made the basis of this suit is a direct and proximate result of the negligence of Defendant Exel's employees. Therefore, Defendant Exel is liable under the doctrine of *respondeat superior* for the acts and omissions of their agents, servants, employees, and statutory employees and agents, including personnel in charge of keeping the Premises clean, free of hazards, and safe.

20.     Moreover, Defendant Exel was negligent by failing to properly train and supervise its employees, who in turn failed to warn Plaintiff of the dangerous situation and thus caused his injuries.

21.     Defendant Exel's breaches and/or the breaches of Defendant Exel's employees in the course and scope of their employment proximately caused Plaintiff's injuries.

22.     Each of the above acts or omissions constitutes negligence.

**C.**     **Negligence against Dedicated Freight Handlers, Inc.**

23.     Plaintiff incorporates all prior paragraphs of this Petition here.

24.     Defendant Dedicated Freight owed Plaintiff a duty to exercise ordinary care and not subject Plaintiff to unreasonable risk of injury.

25.     At the time and occasion in question, Defendant Dedicated Freight failed to use ordinary care by various acts and/or omissions including, but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

        a.   Failing to provide adequate training to its employees on how to perform their jobs safely;

b. Failing to provide adequate training to its employees on how to operate forklifts safely;

c. Failing to supervise its employees;

d. Failing to develop and implement a proper safe work protocol;

e. Failing to develop and implement proper safety protocols for its employees operating forklifts;

f. Failing to enforce any existent precautionary measures and safety protocols regarding forklifts;

g. Disregarding the safety of Plaintiff; and

h. Other acts deemed negligent.

26.    Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this suit and Plaintiff's injuries.

27.    Defendant Dedicated Freight failed to provide sufficient training, assistance and equipment to its employees on how to safely operate forklifts. Defendant Dedicated Freight knew or reasonably should have known that the lack of proper instrumentalities, training, and assistance to its employees created an unreasonable risk of harm to Plaintiff and others.

28.    However, Defendant Dedicated Freight consciously disregarded a known, unreasonable risk of danger to Plaintiff. But for Defendant Dedicated Freight's failure to remedy a known hazard, Plaintiff would not have been injured. The failure to ensure that Defendant Dedicated Freight's employees operating forklifts were adequately trained and doing so in a safe manner created a foreseeable, known risk. Defendant Dedicated Freight's negligence was therefore a direct and proximate cause of Plaintiff's injuries.

D.    **Vicarious Liability against Dedicated Freight Handlers, Inc.**

29.    Plaintiff incorporates all prior paragraphs of this petition here.

30.    At all material times, Defendant Dedicated Freight's employees were acting in the course and scope of their employment with Defendant Dedicated Freight on the Premises.

31.    Because the forklift operator that struck Plaintiff was an employee of Defendant Dedicated Freight acting in the course and scope of his employment with Defendant Dedicated Freight at the time of the forklift collision, Defendant Dedicated Freight is liable under the doctrine of *respondeat superior* for the acts and omissions of their agents, servants, employees, and statutory employees and agents, including personnel in charge of keeping the Premises clean, free of hazards, and safe.

32.    Moreover, Defendant Dedicated Freight was negligent by failing to properly train and supervise its employees, who in turn failed to warn Plaintiff of the dangerous situation and thus caused his injuries.

33.    Defendant Dedicated Freight's breaches and/or the breaches of Defendant Dedicated Freight's employees in the course and scope of their employment proximately caused Plaintiff's injuries.

34.    The incident made the basis of this suit is a direct and proximate result of the negligence of Defendant Dedicated Freight's employees.

35.    Each of the above acts or omissions constitutes negligence.

E.    **Gross Negligence against All Defendants.**

36.    Plaintiff incorporates all prior paragraphs of this petition here.

37.    When viewed objectively from the standpoint of the Defendants at the time of their occurrence, Defendants' conduct involved an extreme degree of risk, considering the probability

and magnitude of harm to others. Defendants had actual, subjective awareness of this extreme risk, but nevertheless proceeded with conscious disregard to the rights, safety, and welfare of Plaintiff and others.

38.    Plaintiff is therefore entitled to recover exemplary damages, pursuant to Texas Civil Practices and Remedies Code § 41.001 *et seq.*, in an amount deemed proper by the jury.

## NON-SUBSCRIBER

39.    At the time of the occurrence made the basis of this suit, Defendant Exel was a non-subscriber as described in Texas Labor Code § 406.003 because Defendant Exel did not have a workers' compensation policy in force to cover this occurrence.

40.    Defendant Exel is therefore barred from raising the common law defenses outlined in Texas Labor Code § 406.033(a) of contributory negligence, assumption of the risk, or the fellow servant doctrine.

## DAMAGES

41.    Plaintiff's damages include, *inter alia*, injuries to his shoulders, neck, back, legs, and other parts of his body, which resulted in severe pain, physical impairment, discomfort, mental anguish, distress, and other medical problems. Plaintiff has incurred medical expenses, and is likely to incur future medical expenses, for the treatment of injuries caused by Defendants' negligence.

42.    Therefore, Plaintiff brings suit for the following damages:

    (1)    past and future medical expenses;

    (2)    past and future physical pain and suffering;

    (3)    past and future mental anguish;

    (4)    past and future physical impairment;

(5)  past and future disfigurement;

(6)  past and future lost wages and lost earning capacity; and

(7)  exemplary damages.

## REQUIRED INITIAL DISCLOSURES

43.  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are required to disclose, within thirty (30) days of filing an Answer, the information and materials described in Rule 194.2.

## TEXAS RULE OF EVIDENCE 609(f) REQUEST

44.  Plaintiff requests that Defendants, pursuant to Texas Rule of Evidence 609(f), give Plaintiff sufficient advanced written notice of Defendants' intent to use evidence of a conviction of a crime under Rule 609(f) against any party or witness in this case, with failure to do so resulting in inadmissibility of the same.

## TEXAS RULE OF CIVIL PROCEDURE 193.7 NOTICE

45.  Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff may enter into evidence at the trial or at any other proceeding during the pendency of this matter all documents produced to Plaintiff in response to discovery requests.

## RESERVATIONS

46.  Plaintiffs reserve the right to assert or re-assert any claim, cause of action, or theory of liability or damages against any party, notwithstanding the filing of any amended or supplemental pleading. The filing of any subsequent pleadings as "amended" or "supplemental" shall not convey that Plaintiffs have intended to abandon, waive, or non-suit any party, claim, cause of action, or theory of liability or damages, unless expressly stated therein.

## DEMAND FOR JURY TRIAL

47.    Plaintiff demands a trial by jury on all claims.

## PRAYER

Plaintiff prays that Defendants be cited to appear herein and, after a trial on the merits, that the Court enter judgment awarding Plaintiff actual damages and additional damages as allowed by law, costs of court, pre- and post-judgment interest to the maximum extent as allowed by law, and all such other and further relief, both general and special, at equity and at law, to which Plaintiff may be justly entitled.

Respectfully submitted,

**ARMSTRONG LEE & BAKER LLP**

By:  _/s/ Scott P. Armstrong_
       Scott P. Armstrong
       State Bar No. 24092050
       Laura M. Gómez Duarte
       State Bar No. 24131336
2800 North Loop West, Ste. 900
Houston, Texas 77092
Telephone:   (832) 709-1124
Facsimile:    (832) 709-1125
sarmstrong@armstronglee.com
lgomezduarte@armstronglee.com
service@armstronglee.com

**Attorneys for Plaintiff**

## <u>CERTIFICATE OF SERVICE</u>

This will hereby certify that a true and correct copy of the foregoing document has been served on the following persons in accordance with the Texas Rules of Civil Procedure on August 2, 2024:

*VIA E-service: <u>ryan@doyleseelbach.com</u>; <u>eduardo@doyleseelbach.com</u>*
Ryan Cantu & Eduardo Ortiz
Doyle & Seelbach PLLC
13215 Bee Cave Parkway, Suite A220
Austin, Texas 78378

**Attorney for Defendant Exel, Inc. d/b/a DHL Supply Chain**

*/s/ Laura M. Gómez Duarte*
Laura M. Gómez Duarte

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cindy Ibarra on behalf of Laura Gomez Duarte
Bar No. 24131336
cibarra@armstronglee.com
Envelope ID: 90488224
Filing Code Description: Amended Petition
Filing Description:
Status as of 8/8/2024 2:56 PM CST

Associated Case Party: MICHAEL WHITE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Scott Armstrong | | sarmstrong@armstronglee.com | 8/2/2024 2:29:30 PM | SENT |
| Armstrong Lee & Baker LLP Service | | service@armstronglee.com | 8/2/2024 2:29:30 PM | SENT |
| Laura Gomez Duarte | | lgomezduarte@armstronglee.com | 8/2/2024 2:29:30 PM | SENT |

Associated Case Party: EXEL INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ryan Cantu | | ryan@doyleseelbach.com | 8/2/2024 2:29:30 PM | SENT |
| Ortiz Eduardo | | eduardo@doyleseelbach.com | 8/2/2024 2:29:30 PM | SENT |
| Tiffany Williams | | tiffany@doyleseelbach.com | 8/2/2024 2:29:30 PM | SENT |
| Deborah Johns | | deborah@doyleseelbach.com | 8/2/2024 2:29:30 PM | SENT |



Affiliated with The Cincinnati Indemnity Company
The Cincinnati Casualty Company ▪ The Cincinnati Life Insurance Company

June 23, 2025

**VIA ELECTRONIC MAIL:** jd@fostermassengill.com

Foster Massengill
c/o Mr. JD Foster
101 S. Dallas Street, Suite 201
Ennis, Texas 75119

|  | RE: | Our Insured: | Triune Logistics LLC dba Triune Staffing |
|---|---|---|---|
|  |  | Our Claim Number: | 4508281 |
|  |  | Our Policy Number: | ▮▮▮▮▮▮▮ |
|  |  | Date of Loss: | 10/1/2022 |
|  |  | Claimant: | Michael White |

Dear Mr. Foster:

This letter is in response to the above claim you submitted for alleged personal injuries against our insured, Triune Logistics LLC dba Triune Staffing ("Triune"). As you are aware, Triune's commercial general liability policy was issued by The Cincinnati Specialty Underwriters Insurance Company ("CSU"), a non-admitted carrier.

Based on the findings of our investigation and a review of the Service Proposal executed on January 1, 2019, between Triune Staffing and Dedicated Freight Handlers Perris (DFH), we have determined that the agreement does not include any provisions requiring Triune name or otherwise provide Insured and/or Additional Insured status to DFH on a commercial general liability policy. Accordingly, DFH is not entitled to coverage under Triune's policy with CSU as an insured or additional insured.

Additionally, we have concluded that our insured bears no liability for the injuries sustained by Michael White on October 1, 2022. The Service Proposal clearly delineates the responsibilities of the respective parties as follows:

**Dedicated Freight Handlers Inc is responsible for**
a. solicit, interview, hire, assign the working wage, assign the work location, assign the work schedule assign department, or job the employee will perform, their work tasks, all training per location termination of any employee not performing to the DFH needs. DFH will also be responsible for maintaining a clean and safe work environment for the employees and the capturing of all hours.

Triune Staffing is not responsible for any reporting errors for reporting prepared by DFH, work environment issues and will not make or be responsible for any

EXHIBIT C

decisions regarding the employee's job, wages, or instructions given to them.

**Indemnification by Triune Staffing**
Triune Staffing does not and will not indemnify DFH for matters which are DFH's responsibility or are entirely caused by DFH's actions.

Based on our investigation and information provided to date, Triune was not responsible, per the agreement, for the DFH employee's assignment of work location, work schedule, job performance duties, work tasks, and/or training. This responsibility falls to DFH. CSU finds no evidence or supporting documentation suggesting Triune's negligence, breach of the agreement, and/or intentional acts, caused the incident and damages alleged by Mr. White, which occurred on October 1, 2022.

If you disagree with our current position, we invite you to send us any evidence and documentation in support of your claim against our insured you wish us to review.

Should you have any questions regarding this letter or its content, please contact me.

Respectfully,

*Missy Parker*

Missy Parker, AIC, AINS
CSU Claims Analyst, I

cc: Triune Logistics LLC dba Triune Staffing

| | |
|---|---|
| **From:** | Alfred A Garza |
| **To:** | Jason Campbell; JD Foster |
| **Cc:** | Andrea Foster; Beau Burns; David de Moraes |
| **Subject:** | RE: White v. Exel, Inc., Et al. Mediation Zoom Invitation |
| **Date:** | Monday, July 14, 2025 10:57:04 AM |
| **Attachments:** | image001.png |

Hello,

Triune Logistics should be added to the suit and indemnifies Dedicated Freight Handlers for any workers comp claims and are covered by liability insurance for any damaged caused by a Triune Logistics employee managed by Dedicated Freight Handlers in any of the warehouse where Dedicated Freight Handlers uses Triune Logistics for payroll services.





EXHIBIT D







## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Jonathan Foster
Bar No. 24077888
jd@fostermassengill.com
Envelope ID: 104810165
Filing Code Description: Third Party Action
Filing Description:
Status as of 8/27/2025 11:46 AM CST

Associated Case Party: MICHAEL WHITE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Scott Armstrong | | sarmstrong@armstronglee.com | 8/25/2025 3:05:47 PM | SENT |
| Armstrong Lee & Baker LLP Service | | service@armstronglee.com | 8/25/2025 3:05:47 PM | SENT |
| Laura Gomez Duarte | | lgomezduarte@armstronglee.com | 8/25/2025 3:05:47 PM | SENT |
| Armstrong Lee & Baker LLP Service | | ALBservice@ecf.courtdrive.com | 8/25/2025 3:05:47 PM | SENT |

Associated Case Party: EXEL INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Bill Templeton | | bill@doyleseelbach.com | 8/25/2025 3:05:47 PM | SENT |
| Ryan Cantu | | ryan@doyleseelbach.com | 8/25/2025 3:05:47 PM | SENT |
| Laura Smith | | laura@doyleseelbach.com | 8/25/2025 3:05:47 PM | SENT |
| Maddison Decker | | maddison@doyleseelbach.com | 8/25/2025 3:05:47 PM | SENT |
| Tiffany Williams | | tiffany@doyleseelbach.com | 8/25/2025 3:05:47 PM | ERROR |

Associated Case Party: DEDICATED FREIGHT HANDLERS, INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Andrea Foster | | andrea@fostermassengill.com | 8/25/2025 3:05:47 PM | SENT |
| Jonathan DFoster | | jd@fostermassengill.com | 8/25/2025 3:05:47 PM | SENT |

# EXHIBIT "D"

**OFFICER'S RETURN**

Cause No. DC-24-01647

Court No.: 298th District Court

Style: MICHAEL WHITE
vs.
EXEL INC, et al

Came to hand on the fifth day of September, 2025, at 11:24 o'clock AM.

Executed at 400 N Schmidt Suite 204 Bolingrook IL 60440, within the County of Will at 2:02 o'clock P M. on the fifth day of September ,2025, by delivering to the within named Triune Logistics LLC dba Triune Staffing Co Manager Blanca Cordero on behlaf of Registered Agent Alfred A Garza

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

For serving Citation  $_____

For mileage  $_____           of  Will  County, Illinois

For Notary  $_____           By Randy Mucha 115.002472  ~~Deputy~~

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said  Randy Mucha  before me this  5th  day of  September ,

20 25 , to certify which witness my hand and seal of office.

Notary Public WILL  County IL



OFFICIAL SEAL
CAROL MUCHA
Notary Public, State of Illinois
Commission No. 975638
My Commission Expires
July 26, 2027

# THE STATE OF TEXAS

**To:** **TRUINE LOGISTICS LLC DBA TRIUNE STAFFINF CO**
**BY SERVING ITS REGISTERED AGENT ALFRE A. GARZA**
**400 NORTH SCHMIDT ROAD SUITE #204**
**BOLINGBROOK IL 60440**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **THIRD-PARTY CROSS-CLAIM** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **298th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Third-Party Plaintiff being **MICHAEL WHITE**

Filed in said Court **25th day of August, 2025** against

**TRUINE LOGISTICS LLC D/B/A TRIUNE STAFFINF CO**

For Suit, said suit being numbered <u>**DC-24-01647,**</u> the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 3rd day of September, 2025**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By _Medelin Navarrete_ , Deputy
**MEDELIN NAVARRETE**

---

**ESERVE**

# CITATION

No.: <u>**DC-24-01647**</u>

<u>**MICHAEL WHITE**</u>
<u>vs.</u>
<u>**EXEL INC, et al**</u>

**ISSUED**
on this the 3rd day of September, 2025

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: <u>**MEDELIN NAVARRETE**</u>, Deputy

**Attorney for Third-Party Plaintiff**
**JONATHAN DAVID FOSTER**
**101 SOUTH DALLAS STREET**
**SUITE 200**
**ENNIS, TEXAS 75119**
**(972) 878-9105**
jd@fostermassengill.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# EXHIBIT "E"

FILED
9/26/2025 2:53 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Ricky Brashear DEPUTY

**CAUSE NO. DC-24-01647**

| | | |
|---|---|---|
| **MICHAEL WHITE,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **298TH JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **EXEL, INC. (D/B/A DH SUPPLY CHAIN)** | § | |
| **AND DEDICATED FREIGHT HANDLERS,** | § | |
| **INC.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| *Defendants.* | | |

**THIRD-PARTY DEFENDANT TRIUNE LOGISTICS, LLC D/B/A TRIUNE STAFFING'S
ORIGINAL ANSWER TO THIRD-PARTY CROSS-CLAIM AND PETITION FOR
<u>INDEMNIFICATION AND/OR CONTRIBUTION</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

Third-Party Defendant Triune Logistics, LLC d/b/a Triune Staffing files this Original Answer to Dedicated Freight Handlers, Inc.'s Third-Party Cross-Claim and Petition for Indemnification and/or Contribution, and would respectfully show the following:

### 1. General Denial

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Third-Party Defendant enters a general denial of all material allegations contained in Third-Party Plaintiff's Original Petition, and demands that Plaintiff/Third-Party Plaintiff meet their burden of proving all elements of all causes of action asserted against Third-Party Defendant.

Third-Party Defendant requests that Plaintiff/Third-Party Plaintiff recover nothing from said Defendant, and further requests that Defendant recover all taxable court costs expended.

2.  Prayer

Third Party Defendant prays that Plaintiff/Third Party Plaintiff take nothing by their suit, for the recovery of costs in defending Third Party Plaintiff's suit, and for such further relief to which Defendants may be justly entitled.

Respectfully submitted,

**POLAK LAW GROUP**

_____
**Samuel J. Polak**
State Bar No. 00788210
spolak@polaklawgroup.com
Direct Dial and Fax: (214) 833-1781

600 N. Pearl Street, Suite 1900
Dallas, Texas 75201

**Attorney for Third-Party Defendant**
**Triune Logistics, LLC (d/b/a) Triune Staffing**

## CERTIFICATE OF SERVICE

This is to certify that on **September 26, 2025**, a true and correct copy of the foregoing document was served upon the following known counsel of record in the above-captioned cause, pursuant to Tex.R.Civ.P. 21a, by filing through the certified electronic service provider, eFile.TxCourts.gov:

Mr. JD Foster                                                                   jd@fostermassengill.com
Foster Massengill, PLLC                                        andrea@fostermassengill.com
101 South Dallas Street, Suite 200
Ennis, Texas 75119
***Attorney for Defendant/Third Party Plaintiff***
***Dedicated Freight Handlers, Inc.***

Mr. Scott P. Armstrong                                          sarmstrong@armstronglee.com
Lara M. Gomez Duarte                                     lgomezduarte@armstronglee.com
Armstrong Lee & Baker, LLP
2800 North Loop West, Ste. 900
Houston, Texas 77092
***Attorneys for Plaintiff***
***Michael White***

Mr. Ryan Cantu                                                  ryan@doyleseelbachpllc.com
Eduardo Ortiz                                                  eduardo@doyleseelbach.com
Doyle & Seelbach PLLC
13215 Bee Cave Parkway, Suite A220
Austin, Texas 78378
***Attorneys for Defendant***
***Exel, Inc. d/b/a DHL Supply Chain***

_____
**Samuel J. Polak**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Megan Emrich on behalf of Samuel Polak
Bar No. 788210
memrich@polaklawgroup.com
Envelope ID: 106142294
Filing Code Description: Original Answer - General Denial
Filing Description:
Status as of 9/26/2025 3:13 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ryan Cantu | 24076853 | ryan@doyleseelbach.com | 9/26/2025 2:53:37 PM | SENT |
| Scott Armstrong | | sarmstrong@armstronglee.com | 9/26/2025 2:53:37 PM | SENT |
| Armstrong Lee & Baker LLP Service | | service@armstronglee.com | 9/26/2025 2:53:37 PM | SENT |
| Jonathan DFoster | | jd@fostermassengill.com | 9/26/2025 2:53:37 PM | SENT |
| Andrea Foster | | andrea@fostermassengill.com | 9/26/2025 2:53:37 PM | SENT |
| Laura Gomez Duarte | | lgomezduarte@armstronglee.com | 9/26/2025 2:53:37 PM | SENT |
| Armstrong Lee & Baker LLP Service | | ALBservice@ecf.courtdrive.com | 9/26/2025 2:53:37 PM | SENT |
| Parkson Lam | | plam@armstronglee.com | 9/26/2025 2:53:37 PM | SENT |
| Maddison Decker | | maddison@doyleseelbach.com | 9/26/2025 2:53:37 PM | SENT |
| Laura Smith | | laura@doyleseelbach.com | 9/26/2025 2:53:37 PM | SENT |
| Ana Lam | | alam@armstronglee.com | 9/26/2025 2:53:37 PM | SENT |
| Eduardo Ortiz | | eduardo@doyleseelbach.com | 9/26/2025 2:53:37 PM | ERROR |
| Donna M.Ramirez | | dramirez@polaklawgroup.com | 9/26/2025 2:53:37 PM | SENT |
| Samuel J.Polak | | spolak@polaklawgroup.com | 9/26/2025 2:53:37 PM | SENT |
| Megan Emrich | | memrich@polaklawgroup.com | 9/26/2025 2:53:37 PM | SENT |

# EXHIBIT "F"

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL WHITE,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **EXEL, INC. (D/B/A DHL SUPPLY** | § | |
| **CHAIN) AND DEDICATED FREIGHT** | § | |
| **HANDLERS, INC.** | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT EXEL, INC.'S CONSENT TO REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Exel, Inc. (d/b/a DHL Supply Chain) hereby consents to removal of the case styled *Michael White v. Exel, Inc. (d/b/a DHL Supply Chain) and Dedicated Freight Handlers, Inc.*, currently pending in the 298th District Court, Dallas County, Texas, Cause Number DC-24-01647, to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

By: */s/ Eduardo Ortiz*
Eduardo (Wayo) Ortiz
State Bar No. 24092926
eduardo@doyleseelbach.com
Laura Smith
State Bar No. 24126039
laura@doyleseelbach.com

Doyle & Seelbach, PLLC
13215 Bee Cave Parkway, Suite A220
Austin, Texas 78738
512.960.4890
doyleseelbach.com

*Attorneys for Defendant Exel, Inc.*
*d/b/a DHL Supply Chain*

# EXHIBIT "G"

UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL WHITE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| EXEL, INC. (D/B/A DHL SUPPLY | § | |
| CHAIN) AND DEDICATED FREIGHT | § | |
| HANDLERS, INC. | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT DEDICATED FREIGHT HANDLERS, INC.'S CONSENT TO REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

    Defendant Dedicated Freight Handlers, Inc. hereby consents to removal of the case styled

*Michael White v. Exel, Inc. (d/b/a DHL Supply Chain) and Dedicated Freight Handlers, Inc.*,

currently pending in the 298th District Court, Dallas County, Texas, Cause Number DC-24-01647,

to the United States District Court for the Northern District of Texas, Dallas Division.

                Respectfully submitted,

                Foster Massengill, PLLC
                101 S. Dallas Street, Suite 200
                Ennis, Texas 75119
                Tel. (972) 878-9105
                Fax. (972) 878-0554

        By: _____
                JD Foster
                State Bar No. 24077888
                Email: jd@fostermassengill.com

                ***Attorney for Defendant***
                ***Dedicated Freight Handlers, Inc.***